IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00434-RJC-DSC

| | |
|---|---|
| MEDSHIFT LLC, <br><br>**Plaintiff,** <br><br> v. <br><br> PELLE LLC d/b/a PELLE MEDICAL SPA and CHARLES W. MORGAN, individually, <br><br> **Defendants.** | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on Defendant Charles W. Morgan's "Motion to Dismiss," Doc. 6, and the parties' brief and exhibits. Docs. 7 and 8.

This Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant Charles W. Morgan's Motion to Dismiss be denied as discussed below.

I.     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Accepting the factual allegations of the Complaint as true, Plaintiff is a medical supply and technology company that leases medical equipment to spas, laser treatment facilities, and medical practices. Defendant Charles W. Morgan is the Manager and Registered Agent of Defendant Pelle LLC d/b/a Pelle Medical Spa. On May 31, 2017, Plaintiff and Defendants entered into an End User Subscription Agreement whereby Plaintiff agreed to lease medical equipment to Defendant in exchange for payments as set forth in the agreement.

The agreement contains two signature blocks, one for providing business information and the other for providing guarantor information. Defendants' Practice Manager, Jeanne Goley, executed the business signature block as a representative of Pelle. See Doc. 1-1 at p. 15. Defendant Morgan executed the guarantor signature block with his signature and social security number. He completed the "Name" line as "Pelle, LLC, Charles W. Morgan." Id.

Beginning in August 2018 and every month thereafter, Defendants' monthly payments were returned for insufficient funds. Plaintiff alleges that Defendants owe $43,630 in overdue subscription fees.

On July 2, 2020, Plaintiff filed its Complaint in Mecklenburg County Superior Court alleging breach of contract, specific performance, and unjust enrichment. On August 7, 2020, Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1132, § 1141, and § 1446. On August 14, 2020, Defendant Morgan moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6).

## II.    DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327

(1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490 U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

"A personal guaranty is a contract, obligation or liability … whereby the promisor, or guarantor, undertakes to answer for the payment of some debt, or the performance of some duty, in case of the failure of another person who is himself … liable to such payment or performance." Tripps Rest. v. Showtime Enterprises, 164 N.C. App. 389, 391-92, 595 S.E.2d 765, 767-68 (2004). Pursuant to N.C. Gen. Stat. § 22-1, "No action shall be brought . . . to charge any defendant upon a special promise to answer the debt, default or miscarriage of another person, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be *in writing*, and *signed by the party charged therewith* or some other person thereunto by him lawfully authorized." N.C. Gen. Stat. § 22-1 (emphasis added).

Here, the contract is in writing and Defendant Morgan executed the signature block under "Guarantor Information" with his signature and social security number. In support of his Motion, Morgan cites case law where the same corporate officer signs twice, once as an officer and again as an individual. See Tucker Materials, Inc. v. Safesound Acoustics, Inc., 725 S.E.2d 673 (N.C. App. 2012) (quoting Keels v. Turner, 262 S.E.2d 845, 847 (N.C. App. 1980)). But Defendant does not cite to any case law relieving a principal of personal liability where one principal executes a contract as a representative of the company, and another signs as guarantor. Consequently, Plaintiff has alleged a sufficient factual basis to support its entitlement to relief against Defendant Morgan as guarantor.

Accordingly, the undersigned respectfully recommends that Defendant Charles W. Morgan's Motion to Dismiss be <u>denied</u>.

### III. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant, Charles W. Morgan's "Motion to Dismiss," Doc. 6 be **denied.**

### IV. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Robert J. Conrad, Jr..

**SO ORDERED**.

Signed: October 5, 2020

David S. Cayer
United States Magistrate Judge