UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-434-RJC-DSC

| MEDSHIFT LLC, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) ORDER |
| PELLE LLC d/b/a PELLE MEDICAL SPA and CHARLES W. MORGAN, individually, | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on the Defendant Charles W. Morgan's Motion to Dismiss, (Doc. No. 6); the parties' briefs and exhibits (Docs. No. 7–8); and the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 11) recommending that this Court deny the defendant's motion. The parties have not filed objections to the M&R and the time for doing so has expired. Fed. R. Civ. P. 72(b)(2).

I.  BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R:

> Accepting the factual allegations of the Complaint as true, Plaintiff is a medical supply and technology company that leases medical equipment to spas, laser treatment facilities, and medical practices. Defendant Charles W. Morgan is the Manager and Registered Agent of Defendant Pelle LLC d/b/a Pelle Medical Spa. On May 31, 2017, Plaintiff and

1

> Defendants entered into an End User Subscription Agreement whereby Plaintiff agreed to lease medical equipment to Defendant in exchange for payments as set forth in the agreement.
>
> The agreement contains two signature blocks, one for providing business information and the other for providing guarantor information. Defendants' Practice Manager, Jeanne Goley, executed the business signature block as a representative of Pelle. See Doc. 1-1 at p. 15. Defendant Morgan executed the guarantor signature block with his signature and social security number. He completed the "Name" line as "Pelle, LLC, Charles W. Morgan." Id.
>
> Beginning in August 2018 and every month thereafter, Defendants' monthly payments were returned for insufficient funds. Plaintiff alleges that Defendants owe $43,630 in overdue subscription fees.
>
> On July 2, 2020, Plaintiff filed its Complaint in Mecklenburg County Superior Court alleging breach of contract, specific performance, and unjust enrichment. On August 7, 2020, Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1132, § 1141, and § 1446. On August 14, 2020, Defendant Morgan moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6).

(Doc. No. 11 at 1–2.)

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also

2

not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Id. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

## III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. A party's failure to make a timely objection is accepted as an agreement with the conclusions of the Magistrate Judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985).

No objection to the M&R having been filed, and the time for doing so having passed, the parties have waived their right to de novo review of any issue covered in the M&R. Nevertheless, this Court has conducted a full review of the M&R and other documents of record and, having done so, hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved.

Accordingly, the Court **ADOPTS** the recommendation of the Magistrate Judge as its own.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 11), is **ADOPTED**; and

2. The Defendant Charles W. Morgan's Motion To Dismiss, (Doc. No. 6), is **DENIED**.

**SO ORDERED.**

Signed: November 10, 2020

Robert J. Conrad, Jr.
United States District Judge